# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Tommy Pililimis,<br><br>Plaintiff,<br><br>v.<br><br>Northern Alliance Management, LLC<br>c/o Corporation Service Company<br>327 Hillsborough Street<br>Raleigh, NC 27603,<br><br>Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br><br><br>**Jury Demand Requested** |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint, alleges as follows:

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of the Illinois.

5- Defendant is a corporation with its principal office in the State of New York.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

1

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around November 11, 2015, Defendant telephoned Plaintiff and left the following voicemail:

> "This is a very important matter in out office requiring serious attention immediately. This information must be related to you prior to any other action being taken by our client. Please take the time to return our call at 302-257-2701 so that we can at least inform you of the nature of this call. If you would like to speak to someone immediately, press any number to be transferred. Thank you."

10- In this communication, Defendant failed to identify itself as a debt collector.

11- In this communication, Defendant failed to state that the communication was related to the collection of a debt.

12- Defendant damaged Plaintiff.

13- Defendant violated the FDCPA.

## COUNT I

14- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

15- Defendant violated 15 USC §1692e(10) by using false representation or deceptive means to collect a debt.

## COUNT II

16- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

17- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, a debt.

## COUNT III

18- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC § 1692e(11) by failing to disclose that a communication was from a debt collector.

## JURY DEMAND

20- Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

21- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*